## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

GREGORY P. FEENEY, 08052-025,  )
  )
      Petitioner,  )
  )
     v.  )     **Case No. 3:13-cv-1353-MJR**
  )
UNITED STATES,  )
  )
      Respondent.  )

### MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

### I.    Introduction

This matter is now before the Court on Petitioner Gregory Feeney's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) and his supporting memorandum (Doc. 2).[1]  The Government opposes Feeney's Petition by seeking enforcement of his collateral appeal waiver given in conjunction with his guilty plea, or, alternatively, the Government contends that Feeney's arguments lack substantive merit (Doc. 12).  Feeney filed a timely reply (Doc. 14).  In his initial Petition and in his Reply, Feeney sought an evidentiary hearing.  However, for the reasons set forth below, the Court hereby **DENIES** the Petition and the request for an evidentiary hearing.

---

[1] This is Petitioner Feeney's first habeas corpus petition.

## II.     Facts

Pursuant to a plea agreement, Feeney pled guilty to a child pornography offense, in violation of 18 U.S.C. § 2252(a)(4)(B).  Feeney's plea agreement contained an appeal waiver for direct or collateral appeals (CM/ECF, S.D. Ill., Case No. 08-cr-30228-MJR-DGW, Doc. 31 at 8-9).  In pertinent part, the waiver stated

> Defendant knowingly and voluntarily waives his right to contest any aspect of his conviction and sentence that could be contested under Title 18 or Title 28, or under any other provision of federal law, except that if the sentence imposed is in excess of the Sentencing Guidelines as determined by the Court (or any applicable statutory minimum, whichever is greater).

(*Id.*).  The waiver also contained an exception for any appeal or collateral challenge based on

> 1) any subsequent change in the interpretation of law by the United States Supreme Court or the United States Court of Appeals for the Seventh Circuit, which is declared retroactive by those Courts, and which renders the defendant actually innocent of the charges covered herein, and 2) appeals based upon Sentencing Guideline amendments which are made retroactive by the United States Sentencing Commission (see U.S.S.G. 1B1.10).

(*Id.*).  Petitioner Feeney does not contend that he involuntarily made this waiver.

Following a presentence investigation, and an opportunity for counsel to file sentencing memoranda, Feeney appeared before the undersigned on December 4, 2009, at which time he was sentenced to 114 months in the Bureau of Prisons ("BOP"), to be

followed by 15 years of supervised release (Docs. 40, 42).  Feeney did not appeal his conviction or sentence.

Feeney also did not file a petition for habeas corpus within a year of his conviction and sentence becoming final, as is typically required by § 2255(f).  Instead, he waited until December 30, 2013, to file his § 2255 petition, in reliance on the Supreme Court's decision in *Peugh v. United States*, **133 S.Ct. 2072 (2013).**  Unquestionably, his Petition was filed within a year of *Peugh* being decided.

In his Petition, Feeney contends that he was sentenced in violation of the *Ex Post Facto* clause because the 2008 Guidelines Manual was used to calculate his sentence range, despite the fact that the offense conduct occurred in 2006 (*Id.* at 5-6).  Additionally, he contends that his trial counsel was ineffective for failing to preserve an *Ex Post Facto* challenge to his sentence (*Id.* at 6-9).  Feeney alleges that as a result of the ineffective assistance of counsel, he entered into the plea agreement, which he might not have agreed to had he known about the need to preserve an *Ex Post Facto* challenge (*Id.* at 9-10).  According to Feeney, the net harm of these errors is that his sentencing range may have been inaccurate, and a potential sentencing reduction was not considered in reaching his ultimate sentence (*Id.* at 16-19).

### III.    Legal Analysis

Typically, a Section 2255 petition must be lodged within one year of the petitioner's conviction and sentence becoming final.  **28 U.S.C. § 2255(f)(1).**  However,

there are a number of exceptions, such as, Section 2255(f)(3) allowing for an extended one year period to file from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."   In addition to the one year limitations period for filing a petition, there is also a standard requirement that in order to bring a constitutional claim on collateral appeal, the petitioner must also have raised that claim on direct appeal.  *See Massaro v. United States,* **538 U.S. 500, 504 (2003).**  Despite this general requirement, defendants are not required to raise ineffective assistance of counsel claims on direct appeal in order to preserve them for collateral appeal purposes.  *Id.*  Additionally, this requirement may be excused if the petitioner can demonstrate good cause for the failure to raise the claims on direct appeal and actual prejudice from the failure to raise those claims; or that the district court's refusal to consider the claims would lead to a fundamental miscarriage of justice.  *See e.g. Bousley v. United States,* **523 U.S. 614, 622 (1998);** *Fountain v. United States,* **211 F.3d 429, 433 (7th Cir. 2000).**

As for ineffective assistance of counsel claims, in order to prevail on such a claim on collateral review, a petitioner must establish that: "(1) his counsel's performance fell below an objective standard of reasonableness; and, (2) the deficient performance so prejudiced his defense that it deprived him of a fair trial."  *Fountain,* **211 F.3d at 434,** *quoting Strickland v. Washington,* **466 U.S. 668, 688-94 (1984).**  Specifically in the

context of a claim that counsel was ineffective during plea negotiations, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness when measured against prevailing professional norms.'" *Gaylord v. United States*, **829 F.3d 500, 506 (7th Cir. 2016).**  Competent counsel will "attempt to learn all of the facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis before allowing his client to plead guilty." *Id.*  The petitioner must also show that absent counsel's deficient performance, there is a reasonable likelihood that he would not have pleaded guilty, and would have instead gone to trial. *Id.*

In *Peugh*, the United States Supreme Court reversed the Seventh Circuit's holding that the *Ex Post Facto* clause did not apply to the Sentencing Guidelines.  *Peugh*, **133 S.Ct. at 2088.**  The Court held that though the Guidelines were advisory, it was inappropriate for the Government to enhance the punishment for an offense by altering the substantive formula used to reach that punishment between the time the offense conduct was committed and the date of sentencing.  *Id.*  Thus, the Court reversed Peugh's case on direct appeal, remanding it for further proceedings.  *Id.*

The Seventh Circuit recently considered a Section 2255 petition premised on the Supreme Court's holding in *Peugh*.  *See Conrad v. United States*, **815 F.3d 324 (7th Cir. 2016).**  In *Conrad* a defendant was sentenced based on a Guidelines calculation that projected his sentencing range as 360 months to life imprisonment for multiple

violations of federal law relating to child pornography.  *Id.* **at 326-27.**  The *Conrad* conviction and sentence became final five months before *Peugh* was decided.  *Id.*  Had the sentencing court looked to the Guidelines in effect at the time the offense conduct occurred, the projected range would have been 121 to 151 months imprisonment, rather than 360 months to life.  *Id.*  Ultimately, the sentencing court pronounced a below guidelines sentence of 198 months.  *Id.*  The Seventh Circuit held that *Peugh* was not retroactively applicable, and thus it did not warrant a resentencing for the petitioner, even though, applying *Peugh*, the petitioner may have received a lower sentence.  **Id. at 328.**

IV.    **Legal Analysis**

Here, the Court must first consider Petitioner's claim that his trial counsel was ineffective because, if the Court finds counsel was ineffective, that would render the direct and collateral appeal waiver invalid.  Petitioner alleges that his trial counsel was ineffective for failing to preserve an *Ex Post Facto* challenge to his sentence on the basis that he was sentenced under the Guidelines manual in effect at the time of arraignment (2008), rather than at the time he committed the criminal conduct (2006).  Petitioner acknowledges that such an *Ex Post Facto* argument was foreclosed at the time of his plea and sentencing by controlling Seventh Circuit precedent, but because *Peugh* was in the works, he alleges that his counsel should have actively worked to preserve an *Ex Post*

*Facto* challenge to his sentence.  The conduct Petitioner complains of does not constitute ineffective assistance of counsel.

At the time of his conviction and sentencing, Seventh Circuit precedent did not require a sentencing court to use the guidelines in effect at the time of the offense conduct.  ***See United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006).**  Though that later changed in *Peugh,* counsel was not responsible for forecasting that change in order to render effective assistance.  ***See Lilly v. Gilmore*, 988 F.2d 783, 786 (7th Cir. 1993) ("The Sixth Amendment does not require counsel to forecast changes or advances in the law or to press meritless arguments before a court.").**  Additionally, even if the Court accepted the premise that counsel should have anticipated such a change, it would not have mattered because under either the 2006 or the 2008 guidelines the Petitioner's sentencing range and possible departures were identical.  So even assuming counsel should have preserved an *Ex Post Facto* challenge, such a challenge had no potential of altering the ultimate sentence.  Thus, not only was counsel not ineffective for failing to preserve the challenge, but the failure also did not cause the Petitioner any prejudice.

In light of the conclusion that counsel was not ineffective, the plea agreement suffers no infirmity and the appeal waiver is enforceable.  The Seventh Circuit held that *Peugh* was not retroactively applicable, so *Peugh* is not the sort of subsequent legal development that permits the Petitioner to circumvent the appeal waiver.  ***See Conrad*, 815 F.3d at 328.**  What is more, the Petitioner suffers no prejudice or manifest injustice

by the inability to overcome the appeal waiver because either version of the guidelines would have resulted in the same sentence.

## V.      Pending Motions

As the record "conclusively demonstrates that [petitioner] is entitled to no relief," the Petitioner's request for an evidentiary hearing (Doc. 14 at pp. 3-4) is **DENIED**.  *Prewitt v. United States***, 88 F.3d 812, 820 (7th Cir. 1996).**

Petitioner's Motion for Expedited Consideration (Doc. 18) is rendered **MOOT** by the issuance of this order.

## VI.     Certificate of Appealability

Under Rule 11(a) of THE RULES GOVERNING SECTION 2255 PROCEEDINGS, the "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Thus, the Court must determine whether Petitioner's claims warrant a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

A certificate of appealability is required before a petitioner may appeal a district court's denial of his habeas corpus petition.  A petitioner is entitled to a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  This requirement has been interpreted by the Supreme Court to mean that an applicant must show that "reasonable jurists could debate whether…the petition should have been resolved in a different manner or that the issues presented

were adequate to deserve encouragement to proceed further." *Miller-el v. Cockrell***, 537 U.S. 322, 336 (2003) (quoting** *Slack v. McDaniel***, 529 U.S. 473, 484 (2000).**

Here, the undersigned finds no basis for a determination that the Court's instant decision to dismiss Petitioner's claims is debatable or incorrect.  For the reasons stated above, Petitioner asserted two meritless claims that reasonable jurists would conclude provide no basis for relief.  Therefore, the Court declines to certify any issues for review pursuant to 28 U.S.C. § 2253(c).

**VII.    Conclusion**

Based on the foregoing analysis, Petitioner Feeney's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) is **DENIED** and his case is **DISMISSED with prejudice**.  The Clerk of the Court is **DIRECTED** to enter judgment accordingly.  Further, no certificate of appealability shall issue.

**IT IS SO ORDERED.**

DATED: February 8, 2017

*s/ Michael J. Reagan*
Michael J. Reagan
United States District Judge
